# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.    CV 19-3573 DMG (SS) | Date: May 13, 2019 |
| | Page 1 of 5 |

Title:    Rufus Wright v. Felipe Martinez

---

**DOCKET ENTRY:**    **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND TO THE DISTRICT JUDGE THAT THIS ACTION BE DISMISSED FOR LACK OF JURISDICTION**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANTS:

　　　　None Present　　　　　　　　　　　　　　None Present

**PROCEEDINGS:  (IN CHAMBERS)**

　　　On April 29, 2019, Rufus Wright ("Petitioner"), a federal prisoner proceeding pro se, filed a habeas petition pursuant to 28 U.S.C. § 2241 ("Petition"). (Dkt. No. 1). The Petition arises from Petitioner's January 4, 2006 conviction in the Western District of Missouri. (Petition at 2). The Western District of Missouri court sentenced Petitioner to life in prison and ten years of supervised release. See United States v. Wright, 236 F. App'x 239, 239 (8th Cir. 2007).[1]  The Eighth Circuit affirmed the judgment on June 7, 2007. Id.

---

　　　[1] The Court takes judicial notice of Petitioner's prior proceedings in the Eighth Circuit. See In re Korean Air Lines Co., Ltd., 642 F.3d 685, 689 n.1 (9th Cir. 2011) (a court may take judicial notice of a court's own records in other cases and the records of other courts); see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[Courts] may take notice of proceedings

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     CV 19-3573 DMG (SS)                    Date: May 13, 2019
                                                    Page 2 of 5

Title:       Rufus Wright v. Felipe Martinez

at 240. On April 15, 2009, the Western District of Missouri denied Petitioner's Motion under 28 U.S.C. § 2255. See Wright v. United States, 2009 WL 1025584, at *1 (W.D. Mo. Apr. 15, 2009).

To determine if this Court has jurisdiction over the Petition, the Court must resolve whether it is properly brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255. See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("[A] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."). If the Petition falls under § 2255, it must be brought before the sentencing court, which is the Western District of Missouri. See id. at 865 ("§ 2255 motions must be heard in the sentencing court . . . ."). If the Petition falls under § 2241, it must be filed in the custodial jurisdiction, which is the Central District of California. See id. ("[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . .").

In the instant Petition, Petitioner claims that three of the standard conditions of supervised release set forth as part of his sentence are unconstitutionally vague. (Petition at 8-12).[2] Petitioner "asks only for resentencing, and to be allowed to argue against these conditions and allocute accordingly [sic]." (Id. at 12). Because Petitioner challenges the terms stated in his sentence, and seeks a resentencing, the appropriate avenue for relief appears to be § 2255 rather than § 2241. "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'" Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

---

in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[2] Petitioner specifically points to Standard Conditions 4, 5 and 13. (See Petition at 8-9). The Ninth Circuit recently held that these three standard conditions, as worded prior to the Sentencing Commission's 2016 amendments, were unconstitutional vague. See United States v. Evans, 883 F.3d 1160, 1162-63 (9th Cir. 2018).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     CV 19-3573 DMG (SS)                          Date: May 13, 2019
                                                          Page 3 of 5

Title:       Rufus Wright v. Felipe Martinez

A petition properly brought under § 2255 may be brought in the custodial jurisdiction pursuant to § 2241 only if it qualifies for the narrow savings clause of § 2255. The savings clause, or "escape hatch," permits a federal prisoner to file a § 2241 petition to contest the legality of a sentence only if "his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Hernandez, 204 F.3d at 864-65 (internal quotation marks omitted); see also 28 U.S.C. § 2255(e) (an application for a writ of habeas corpus by a prisoner in federal custody must be presented to the sentencing court as a motion under § 2255 "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"). A remedy qualifies as inadequate or ineffective for purposes of § 2255's "escape hatch" only "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Harrison, 519 F.3d at 959. For a "claim to be a legitimate § 2241 petition," both requirements must be satisfied. Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012).

The savings clause of § 2255 does not seem to apply here because Petitioner does not assert any claim of actual innocence. See id. (availability of § 2255 escape hatch foreclosed where petition fails to make plausible showing of actual innocence). Accordingly, it appears that the Petition is a disguised § 2255 motion, and must be brought in the jurisdiction of the sentencing court, which is the Western District of Missouri. See Hernandez, 204 F.3d at 865.

The Court further notes that Petitioner's claim may be untimely. A federal prisoner ordinarily has only one year from the date that his conviction becomes final to file a federal habeas petition pursuant to § 2255. See 28 U.S.C. § 2255(f)(1). A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner's conviction became final on October 1, 2007, when the United States Supreme Court denied Petitioner's petition for writ of certiorari. See Wright v. United States, 552 U.S. 939 (2007) (Mem.). Section 2255 also provides that the one-year statute of limitations may begin to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The statute of limitations may be equitably tolled where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 19-3573 DMG (SS) | Date: May 13, 2019 |
| | Page 4 of 5 |

Title: Rufus Wright v. Felipe Martinez

extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 645 (2010). Here, the Petition does not appear to establish grounds for equitable tolling. Absent tolling, the statute of limitations expired on October 1, 2008, more than ten years before Petitioner filed this action. This is not a dispositive ruling on this issue, but instead an observation about a possible defect in the action.

Finally, because Petitioner has already filed a § 2255 motion, the Petition, construed as a § 2255 motion, appears to be successive. See Wright, 2009 WL 1025584 (denying Petitioner's § 2255 motion). "A petitioner is generally limited to one motion under § 2255." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). "A prisoner may not bring a second or successive § 2255 motion in district court unless 'a panel of the appropriate court of appeals' certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Harrison, 519 F.3d at 955 (quoting 28 U.S.C. § 2255(h)). Accordingly, unless and until Petitioner obtains authorization from the relevant Court of Appeals (i.e., the Eighth Circuit) to file a second § 2255 motion, a district court appears to lack jurisdiction to hear his claim.

Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order, why this action should not be dismissed for lack of jurisdiction or why the action should not be transferred to the sentencing jurisdiction. **Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason why the Petition: (1) qualifies for the escape hatch of section 2255, (2) is not untimely, and (3) is not successive. This Order is not dispositive of any claim but only gives notice to Petitioner of what the Magistrate Judge may recommend to the District Judge.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    CV 19-3573 DMG (SS) | Date: May 13, 2019 |
| | Page 5 of 5 |

Title:    Rufus Wright v. Felipe Martinez

**Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).** Petitioner is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Petitioner's convenience.**

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

IT IS SO ORDERED.